IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Steven Beeman, | ) | C/A No.: 5:24-6610-TMC-KDW |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Warden Napier, | ) | |
| Defendant. | ) | |

This is a fee paid civil action filed by a federal prisoner on November 19, 2024. Michael Steven Beeman ("Plaintiff"), proceeding pro se, filed this action against Defendant Warden Napier pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)[1]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

On February 3, 2025, this court issued an order authorizing service of process against Defendant. ECF No. 26. The court advised Plaintiff that he was responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure. Further, the court specifically advised Plaintiff that he was responsible for serving the Complaint, summons, and the order authorizing service on the Defendant, the United States Attorney for the District of South Carolina, and the

---

[1] *Bivens* is the case establishing that victims of a constitutional violation perpetuated by a federal actor may be able to sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983 and case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820, n.30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

Attorney General of the United States under Rule 4(i) of the Federal Rules of Civil Procedure. The court advised Plaintiff that because he paid the full filing fee, Plaintiff is responsible for service of process under Rule 4.

On June 12, 2025, this court issued another order, explaining to Plaintiff that the court previously advised him that he was responsible for service in this case. The court directed Plaintiff's attention to Rule 4(m) of the Federal Rules of Civil Procedure and explained that the summons for the Defendant, the United States Attorney for the District of South Carolina, and the Attorney General of the United States were issued on February 3, 2025, and more than 90 days had elapsed since that time. ECF No. 31. Despite this fact, the court had not received any documents showing proper service had been made. The order advised Plaintiff that his case was subject to dismissal if he does not serve Defendants and file the appropriate documents by July 14, 2025. ECF No. 31. Plaintiff did not respond to this text order. The last filing received from Plaintiff was on or before December 26, 2024.

The undersigned therefore finds that Plaintiff has failed to properly serve the Defendant in this case. Federal Rule of Civil Procedure 4(c)(1) provides that a plaintiff is responsible for serving a summons, together with a copy of the complaint, within the time requirements set forth under Rule 4(m). Rule 4(m) states that a plaintiff has a 90-day period after the filing of the complaint to effect service. A court must extend the time for service where a plaintiff who has failed to effect service within the time prescribed in Rule 4(m) shows good cause for such failure. *See* Fed. R. Civ. P. 4(m). Rule 4(m) also provides that if service is not effected within 90 days after the filing of the complaint,

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

2

The Court of Appeals for the Fourth Circuit has held that under Rule 4(m), "a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve a defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th 212, 220 (4th 2022). Here, the docket reflects that the court notified Plaintiff via order dated June 12, 2025 that the time for service had expired and provided him an additional 30 days to file the service documents with the court. Approximately five months have passed since the summons was issued in this case. The undersigned, having considered the circumstances in this case and the fact that Plaintiff was provided notice that his case may be dismissed if he failed to serve this case, now recommends that this case be dismissed without prejudice for failure to comply with Rule 4 of the Federal Rules of Civil Procedure.

**IT IS SO RECOMMENDED.**

August 21, 2025                                         Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).